Argued June 7, affirmed June 19, 1963

# BOARD OF MEDICAL EXAMINERS *v.* CUSICK
### 383 P. 2d 69

534

*Arthur G. Higgs,* Assistant Attorney General, Portland, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*C. X. Bollenbach,* Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, O'Connell and Denecke, Justices.

O'CONNELL, J.

This is an appeal by the Board of Medical Examiners from an order of the Multnomah county circuit court commanding the board to issue a license to practice osteopathy to defendant.

In 1944 the board had issued such a license to defendant. The license was revoked on February 3, 1960 for the non-payment of the annual registration fee. On April 26, 1960 defendant requested reinstatement. A similar request was made on August 3, 1960. On August 10, 1960 the board sent to defendant an application form and requested him to complete it. The board's letter informed defendant that the board would meet on October 6, 7 and 8, 1960, at which time defendant's written request for reinstatement and his completed application would be presented to the board. Defendant filed his application with the board. On October 6, 1960 he appeared before the board and requested reinstatement. By letter dated October 12, 1960 the board informed defendant that his request for reinstatement had been denied. Defendant then appealed to the circuit court.

Upon such an appeal ORS 677.210 requires the

board to file with the clerk of the circuit court the following documents:

"(3) * * * (a) Copy of the complaint, notice to appear and any other documents in the nature of pleadings filed by the board.

"(b) The answer and any other documents in the nature of pleadings filed by the accused.

"(c) Appeal bond.

"(d) Transcript of testimony, exhibits and any documents in the possession of the board which have any relevancy on the appeal."[①]

The board filed the correspondence which had been exchanged between defendant and the board, the defendant's application and some other documents. The board did not file a transcript of testimony. After the board had filed these documents with the clerk, the board filed an "Affidavit in Support of Motion to Dismiss" the appeal to the circuit court. Although the record which comes to us does not disclose the reason for the filing of the affidavit, the board's brief on the present appeal explains that the trial judge continued the original hearing "for a reasonable time in which the Board of Medical Examiners was to furnish by affidavit further information to said court." The affidavit recites various acts of misconduct by defendant and concludes as follows:

"In summary and conclusion the Board of Medical Examiners reviewed the application for re-instatement of Dr. William Rogers Cusick's license to practice osteopathy and surgery in the State of Oregon and took into consideration the

---

[①] ORS 681.150 provides that "In case of the refusal or revocation of a license by the board under this chapter, the applicant whose application is refused or the licentiate whose license is revoked shall have the same right of appeal as is by ORS 677.210 conferred under similar instances on other applicants and licentiates."

information contained in the records and files of the Board of Medical Examiners as shown heretofore. After due and deliberate consideration of the said application and of the files and records of the Board of Medical Examiners, as shown heretofore, the Board of Medical Examiners made the following Findings * * *."

The "affidavit" then sets forth three findings which we have summarized in the margin.[2]

It will be noted that the board did not file with the clerk of the circuit court a transcript of testimony as prescribed in ORS 677.210. It is likely that no transcript of testimony existed. There is no indication in the record that there was a hearing at which defendant was given the opportunity to present evidence to the board with respect to the matters recited in the board's affidavit. Indeed, it seems evident from the nature of the record filed by the board and from the manner in which the case is argued on appeal that the board did not deem it necessary to provide defendant with a hearing at which he could answer charges of misconduct.

The board's theory seems to be that a licentiate who fails to pay his annual registration fee within the time specified in ORS 681.110[3] is in the same position

---

[2] The board found (1) that defendant "had failed to report the true facts in his application for reinstatement in that he had supplied the board with false information in the following particulars and details" (setting them out); (2) that defendant had become associated with a medical concern engaged in the manufacture and sale of medical preparations contrary to a statement in his application, and (3) that defendant "is not a person of good moral character qualified to practice osteopathy and surgery in the State of Oregon."

[3] ORS 681.110 provides in part, as follows:

"(1) Any osteopathic physician and surgeon licensed to practice in this state who fails or neglects to comply with

as one who makes application for a license for the first time and that the action of the board is binding upon the court in the absence of fraud or mistake. The board's position is not entirely clear. It is argued that the board "was thus acting as an administrative agency, not a judicial tribunal, and its findings are, in the absence of fraud or mistake, conclusive on the court." ORS 681.152 is relied upon as the source of the board's discretionary power. That section provides as follows:

> "Whenever the license of a practitioner of osteopathy and surgery is revoked or annulled for any cause, the Board of Medical Examiners may, in its discretion after the lapse of six months from the date of such revocation or annulment, upon written application and after a hearing, restore to such former practitioner the right to practice in this state."

It appears to be argued that under this section the board may refuse to restore a former practitioner's license after the lapse of six months from the date of the automatic revocation of the license of a delinquent licensee, in its discretion even though there may be no evidence of misconduct other than the failure of the licentiate to pay the annual registration fee. The board

ORS 681.100 regarding annual registration shall be notified by the secretary of the board of his delinquency. If such person fails or neglects to apply for registration and accompany his application with the required registration fees and any penalties provided for by this chapter within 30 days after notice of such delinquency mailed by the secretary of the board to his last known address, the license of such person shall automatically be revoked.

"(2) In addition to any other penalties provided for by law, the board or the secretary of the board may require that a delinquent licensee pay a penalty, not to exceed $1 for each day he is delinquent, before issuing an annual registration certificate."

recognizes that the delinquent licensee is entitled to a hearing under ORS 681.152, but the nature of the inquiry which would be pursued by the board at such a hearing is not explained.

ORS 681.110 (2) provides that the board may require a delinquent licensee to pay a penalty not to exceed $1 for each day he is delinquent. This section also empowers the board to impose "any other penalties provided by law."[4]

■ We construe ORS Chapter 681 to mean that a delinquent licensee who makes application for reinstatement after his license has been automatically revoked as provided in ORS 681.110 is entitled to reinstatement upon paying the money penalty fixed by the board unless he is guilty of misconduct as defined in ORS 681.140[5] and ORS 681.170.[6] And he is entitled to notice and a hearing on the charge of misconduct in the latter event.

If the proper procedure is followed, the court may reverse the order of the board only on the grounds specified in ORS 677.210 (6) which are as follows:

"(a) The complaint does not state sufficient grounds for the action of the board.

[4] ORS 681.990 provides that "(1) Any practicing osteopathic physician and surgeon required by this chapter to procure a certificate of annual registration who fails to procure such certificate within 90 days after the date he is required by this chapter to obtain the certificate is guilty of a misdemeanor.

"(2) Violation of ORS 681.170 is punishable, upon conviction, by a fine of not less than $50 nor more than $100, or by imprisonment in the county jail not less than 10 days nor more than 90 days, or by both."

[5] ORS 681.140 specifies the various grounds for the denial or revocation of a license.

[6] ORS 681.170 specifies various unlawful practices including the use of a false diploma for the purpose of procuring a license, use of another person's license, falsely impersonating another licensee, and engaging in practice without a license or after it is revoked.

"(b) There is no legal evidence to support the action of the board.

"(c) The board did not have jurisdiction of the matter or the accused."

■ In the present case "there is no legal evidence to support the action of the board." The affidavit filed by the board does not constitute "evidence" supporting a charge of misconduct even if the affidavit is considered as the equivalent of findings of fact. As we have already noted, there is no transcript reporting the testimony of witnesses at a hearing (if there was a hearing), nor does the record filed by the board with the clerk of the circuit court reveal any other evidence which may have been presented at a hearing.

■ If the board proposed to deny defendant reinstatement on the ground that he was guilty of misconduct violative of ORS 681.140 or ORS 681.170, defendant was entitled to receive a written complaint of the charges and a hearing at which he would have the opportunity to present his case with all of the safeguards specified in ORS 677.200.[7]

The decree of the lower court ordering plaintiff to issue to defendant a license upon the tender of the appropriate fees is affirmed. If plaintiff is of the opinion that defendant is guilty of misconduct warranting the revocation of his license it may proceed under ORS 677.200.

Decree affirmed.

---

[7] ORS 677.200 provides that any proceeding for the suspension or revocation of a license shall include the filing of a written complaint setting forth the charges, a notice of hearing, a hearing at which the testimony is recorded and at which the licensee has the opportunity to have witnesses and introduce evidence on his behalf.